IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUL - 6 2006

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 5:06-MJ-055 |
| | § | |
| JOSHUA HEATH ZUNIGA | § | |

**EX PARTE APPLICATION FOR ORDER RE: COMPLIANCE WITH 18 U.S.C.
§ 3509(d), WITH MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF STEVEN M. SUCSY**

The United States of America hereby applies ex parte for an order stating that the

privacy protection measures mandated by 18 U.S.C. § 3509(d) when a case involves a

person under the age of eighteen years who is alleged to be a victim of a crime of sexual

exploitation, or a witness to a crime committed against another person, apply to this case.

This application is based on the attached memorandum of points and authorities and

declaration of Steven M. Sucsy, and the files and records of this case.

Respectfully submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY

STEVEN M. SUCSY
Assistant United States Attorney
Texas State Bar No. 19459200
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Tel.: 806.472.7351
Fax: 806.472.7394

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant  is charged in a one-count complaint with Enticement of a Child, in violation of 18 U.S.C. § 2422(b).

Because a child victim is involved (Sucsy Declaration, ¶ 3), the privacy protection measures required by the Child Victims' and Child Witnesses' Rights Act, 18 U.S.C. § 3509, apply to this case.  The Act defines a "child" as a "a person who is under the age of 18, who is or is alleged to be" either "a victim of a crime of physical abuse, sexual abuse, or exploitation" or "a witness to a crime committed against another person." 18 U.S.C. § 3509(a)(2).  The term "'sexual abuse' includes the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children." 18 U.S.C. § 3509(a)(8).  The term "sexually explicit conduct" is defined as "actual or simulated—(A) sexual intercourse, including sexual contact in the manner of genital-genital, oral-genital,. . . whether between persons of the same or of opposite sex; sexual contact means the intentional touching, either directly or indirectly or through clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to . . . arouse or gratify sexual desire of any person; (B) bestiality; (C) masturbation; (D) lascivious exhibition of the genitals or pubic area of a person or animal; or (E) sadistic or masochistic abuse.  18 U.S.C. § 3509(a)(9).

The Act requires that certain measures be taken to protect the child's privacy.

Specifically, it provides as follows:

(1) Confidentiality of Information

(A)    A person acting in a capacity described in sub-paragraph (B) in connection with a criminal proceeding shall

(i)  keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

(ii)  disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

(B)    Subparagraph (A) applies to –

(i)  all employees of the government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the government to provide assistance in the proceeding;

(ii)  employees of the court;

(iii)  the defendant and employees of the defendant, including the

attorney for the defendant and
persons hired by the defendant or
the attorney for the defendant to
provide assistance in the
proceeding; and

(iv)  members of the jury.

(2) Filing under seal -- All papers to be filed in court that
disclose the name of or any other information concerning a
child shall be filed under seal without necessity of obtaining a
court order.  The person who makes the filing shall submit to
the clerk of the court --

(A)   the complete paper to be kept under seal; and

(B)   the paper with the portions of it that
disclose the name of or other information
concerning a child redacted, to be placed in the
public record.

18 U.S.C. §§ 3509(d)(1), 3509(d)(2).

A knowing violation of section 3509 is a criminal contempt.  Title 18, United

States Code, § 403 provides:

A knowing or intentional violation of the privacy protection
accorded by section 3509 of this title is a criminal contempt
punishable by not more than one year's punishment, or a fine
under this title, or both.

18 U.S.C. § 403.

In accordance with 18 U.S.C § 3509(d), the government hereby requests that the

Court issue an order requiring all persons described in 18 U.S.C. § 3509(d)(1)(B) to

comply with 18 U.S.C. § 3509(d)(1)(A) and 3509(d)(2).

DATED: July 6, 2006

Respectfully submitted,

RICHARD B. ROPER
United States Attorney

STEVEN M. SUCSY
Assistant United States Attorney
1205 Texas Ave., Suite 700
Lubbock, Texas 79401

## DECLARATION OF STEVEN M. SUCSY

I, STEVEN M. SUCSY, declare as follows:

1.      I am an Assistant United States Attorney in the United States Attorney's Office for the Northern District of Texas.  In that capacity, I am responsible for the government's prosecution in the case, <u>United States v. Joshua Heath Zuniga</u>, Case No. 5:06-MJ-055.

2.      This declaration is being made in support of the United States' motion for an order requiring compliance with 18 U.S.C. § 3509(d).

3.      The victim in this case is a "child," as defined in 18 U.S.C. § 3509(a)(2).

4.      On July 5, 2006, I contacted defense counsel Mark Eiglarsh, and notified him that the government would be filing this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 6, 2006.

STEVEN M. SUCSY