IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 22 2007
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | 5:06-CR-067-C |
| § | |
| JOSHUA HEATH ZUNIGA § | |

## PLEA AGREEMENT

JOSHUA HEATH ZUNIGA, defendant, Mark Eiglarsh, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Zuniga understands that he has the following rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Zuniga waives these rights and pleads guilty to the offense alleged in Count 8 of the indictment filed herein, charging a violation of 18 U.S.C. § 2252A(a)(5)(B), that is, Possession of Child Pornography.

Zuniga understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

   a. imprisonment for a period of not more than ten years;

   b. a fine not to exceed $250,000.00;

   c. A term of supervised release, up to life, which follows a term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned and subject to additional terms of supervised release and imprisonment as determined by the court in accordance with law;

   d. a mandatory special assessment of $100.00; and

   e. costs of incarceration and supervision.

4. **Sentencing guidelines**: Zuniga has reviewed the application of the guidelines with his attorney, but understands that the guidelines are advisory only and that the Court is not obligated to apply the guidelines. Furthermore, no one can predict with certainty what the advisory guideline range will be in this case until after a presentence investigation has been completed. Under FED. R. CRIM. P. 11(c)(1)(B), the Government and Zuniga agree and recommend to the Court that the following sentencing factors and provisions of the Sentencing Guidelines apply in this case:

   a. The November 5, 2005, version of the United States Sentencing Guidelines (USSG) will be used to make sentencing guidelines calculations.

   b. USSG § 2G2.1 will be used to determine the offense level, because the cross-reference contained in USSG § 2G2.2 is applicable; the offense

involved causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. The base offense level is 32.

c. Under USSG § 2G2.1(b)(1), the offense involved a minor who had attained the age of twelve years, but not attained the age of sixteen years, requiring an increase of 2 levels.

d. Under USSG § 2G2.1(b)(2)(A), the offense involved the commission of a sexual act or sexual contact, requiring an increase of 2 levels.

e. Under USSG § 2G2.1(b)(5), the defendant was a relative of the minor involved in the offense, requiring an increase of 2 levels.

f. Based on the base offense level and the Specific Offense Characteristics, the Total Offense Level is at least 38.

g. Under USSG § 3E1.1(a) and (b), the defendant's offense level should be decreased by 3 levels based on his acceptance of responsibility in this case.

h. The Adjusted Offense Level in this case is at least 35, providing for a range of punishment of at least 168 to 210 months. The statutory maximum penalty for this conviction is 120 months.

5. **Court's discretion**: Zuniga understands that this plea agreement does not create a right to be sentenced within, or below, any particular guideline range, and fully understands that determination of the advisory guideline range, as well as the actual sentence imposed (so long as it is within the statutory maximum,) are solely in the discretion of the Court.

6. **Mandatory special assessment**: Prior to sentencing, Zuniga agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

7. **Defendant's cooperation**: Upon demand, Zuniga shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

8. **Government's agreement**: The government will not bring any additional charges against Zuniga based upon the conduct underlying and related to Zuniga's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas, and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Zuniga or any property.

9. **Violation of agreement**: Zuniga understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Zuniga for all offenses of which it has knowledge. In such event, Zuniga waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Zuniga also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea

agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.     **Waiver of right to appeal or otherwise challenge sentence**: Zuniga waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. §§ 2241 and 2255. Zuniga, however, reserves the right to bring (a) a direct appeal of a sentence exceeding the statutory maximum punishment, and (b) a claim of ineffective assistance of counsel.

12.     **Representation of counsel**: Zuniga has thoroughly reviewed all legal and factual aspects of this case with his lawyer(s) and is fully satisfied with the legal representation provided by his lawyer(s). Zuniga has received from his lawyer(s) explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer(s), Zuniga has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13.     **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Joshua Heath Zuniga
Plea Agreement - Page 5

AGREED TO AND SIGNED this 22nd day of February, 2007.

_____
JOSHUA HEATH ZUNIGA
Defendant

RICHARD B. ROPER
UNITED STATES ATTORNEY

_____
STEVEN M. SUCSY
Assistant United States Attorney
Texas State Bar No. 19459200
1205 Texas Ave., Suite 700
Lubbock, Texas  79401
Telephone:   806.472.7351
Facsimile:    806.472.7394

_____
MARK EIGLARSH
Attorney for Defendant

_____
ROGER L. MCROBERTS
Deputy Criminal Chief