# United States District Court
### Northern District of Texas
#### Lubbock Division

FILED
MAY 10 2007
CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES OF AMERICA

v.                              Case Number    5:06-CR-067-01-C
                                     USM No. 34641-177

JOSHUA HEATH ZUNIGA
      Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, JOSHUA HEATH ZUNIGA, was represented by Daniel W. Hurley and Mark Eiglarsh.

On motion of the United States, the court has dismissed the remaining counts of the indictment as to this defendant.

The defendant pleaded guilty to count 8 of the indictment filed on 07/12/2006. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date of Offense | Count Number |
|---|---|---|---|
| 18 USC § 2252A(a)(5)(B) and 18 USC § 2 | Possession of Child Pornography and Aiding and Abetting | 12/07/2005 and 12/27/2005 | 8 |

As pronounced on 05/10/2007, the defendant is sentenced as provided in pages 1 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count 8, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Signed this the   10th   day of May, 2007.

                                              DISTRICT JUDGE SAM R. CUMMINGS
                                              UNITED STATES DISTRICT COURT

AO 245 S (Rev. 01/01) Sheet 2 - Imprisonment

Defendant: JOSHUA HEATH ZUNIGA  Judgment--Page 2 of 5
Case Number: 5:06-CR-067-01-C

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 120 months.

The defendant is remanded to the custody of the United States Marshal.

The Court recommends that the defendant be placed at USP Beaumont, Texas.

## RETURN

I have executed this Judgment as follows:

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 1/01) Sheet 3 - Supervised Release    Case 5:06-cr-00067-C-BG   Document 43   Filed 05/10/07   Page 3 of 6   PageID 128

Defendant: JOSHUA HEATH ZUNIGA                                                                   Judgment--Page 3 of 5
Case Number: 5:06-CR-067-01-C

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of LIFE.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.
☒ The defendant shall not possess a firearm, destructive device or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Fine and Restitution sheet of the judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: JOSHUA HEATH ZUNIGA                                    Judgment--Page 4 of 5
Case Number: 5:06-CR-067-01-C

## SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1. Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant shall pay restitution in the amount of $500.00, along with any additional counseling or other fees derived as a result of the ongoing treatment of the victim of this offense, payable to the U.S. District Clerk, 1205 Texas Avenue, Room 209, Lubbock, TX 79401, for disbursement to:

   Heather McDonald, *Pseudonym*
   c/o Pam Alexander, Victims Advocate
   P.O. Box 2111
   Lubbock, TX 79408
   Account No. Josh Zuniga

   If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $100.00 per month until the restitution is paid in full. Further, it is ordered that interest on the unpaid balance is waived pursuant to 18 USC § 3612(f)(3).

2. The defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the U.S. Probation Officer.

3. The defendant shall provide to the U.S. Probation officer any requested financial information.

4. The defendant shall provide to the U.S. Probation Officer complete access to all business and personal financial information.

5. The defendant shall participate in sex offender treatment services as directed by the U.S. Probation Officer until successfully discharged. These services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10.00 per month.

6. The defendant shall not access or loiter near school grounds, parks, arcades, playgrounds, amusement parks, or other places where children under the age of 18 may frequently congregate unless approved in advance by the U.S. Probation Officer.

7. The defendant shall neither possess nor have under his/her control, any pornographic, sexually oriented or sexually stimulating materials, including visual, auditory, telephonic, or electronic media, computer programs or services. The defendant shall not patronize any place where such material or entertainment is available. The defendant shall not utilize any sex-related telephone numbers.

8. The defendant shall have no contact with the victim(s), including correspondence, telephone contact, or communication through third parties except under circumstances approved in advance by the U.S. Probation Officer. The defendant shall not enter onto the premises, travel past, or loiter near the victim's residence, place of employment, or other places frequented by the victim.

AO 245 S (Rev. 01/01) Sheet 3a - Supervised Release

Defendant: JOSHUA HEATH ZUNIGA                                                                              Judgment--Page 4a of 5
Case Number: 5:06-CR-067-01-C

9.  The defendant shall register with State and local law enforcement as directed by the U.S. Probation Officer in any state where the defendant resides, is employed, carries on a vocation, or is a student. The defendant shall provide all information required in accordance with State registration guidelines. Initial registration shall be completed within seven calendar days from release from confinement. The defendant shall provide written verification of registration to the U.S. Probation Officer within three business days following registration. This registration shall be renewed annually and each time a change of residence occurs.

10. The defendant shall neither seek nor maintain employment or volunteer work at any location and/or activity where minors under the age of 18 would congregate without prior permission of the U.S. Probation Officer.

11. The defendant shall not date or befriend anyone who has children under the age of 18, unless approved in advance by the U.S. Probation Officer.

12. The defendant shall obtain approval of the U.S. Probation Officer prior to a change in residence or living situation.

13. The defendant shall submit a blood sample as directed by the U.S. Probation Officer to be included in the State Sex Offender DNA Data Bank. The defendant is further ordered to pay for the costs of such services.

14. The defendant shall not possess or utilize a computer or internet connection device during the entire term of supervised release.

15. The defendant shall submit to a search of his person, property, house, vehicle, or papers at any time, with or without a warrant, by any law enforcement officer or U.S. Probation Officer who has reasonable suspicion concerning unlawful conduct or a violation of a condition of supervised release. Any such items found may be seized by the U.S. Probation Officer.

16. The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Officer, as authorized by the Justice for All Act of 2004.

Defendant: JOSHUA HEATH ZUNIGA                                           Judgment--Page 5 of 5
Case Number: 5:06-CR-067-01-C

## RESTITUTION

Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant shall pay restitution in the amount of $500.00, along with any additional counseling or other fees derived as a result of the ongoing treatment of the victim of this offense, payable to the U.S. District Clerk, 1205 Texas Avenue, Room 209, Lubbock, TX 79401, for disbursement to:

**Name of Payee** .............................. **$500.00**

Heather McDonald, *Pseudonym*
c/o Pam Alexander, Victims Advocate
P.O. Box 2111
Lubbock, TX 79408
Account No. Josh Zuniga

If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $100.00 per month until the restitution is paid in full.

The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3).