```
 1                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF TEXAS
 2                          LUBBOCK DIVISION

 3
     UNITED STATES OF AMERICA,      )    NO. 5:06-CR-067-C
 4            PLAINTIFF,            )
                                    )
 5   VS.                            )    LUBBOCK, TEXAS
                                    )
 6   JOSHUA HEATH ZUNIGA,           )
              DEFENDANT.            )    FEBRUARY 22, 2007
 7

 8

 9

10   -----------------------------------------------------------

11                      RE-ARRAIGNMENT HEARING

12           BEFORE THE HONORABLE SAM R. CUMMINGS,

13                  UNITED STATES DISTRICT JUDGE

14   -----------------------------------------------------------

15

16

17

18

19

20

21

22
     OFFICIAL COURT REPORTER:  MECHELLE DANIEL, 1205 TEXAS AVENUE,
23   LUBBOCK, TEXAS 79401, (806) 744-7667.

24
     PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY; TRANSCRIPT
25   PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.
```

**A P P E A R A N C E S**

**FOR THE GOVERNMENT:**
UNITED STATES ATTORNEY'S OFFICE
1205 TEXAS AVENUE, SUITE 700
LUBBOCK, TEXAS 79401
BY:  STEVEN M. SUCSY


**FOR THE DEFENDANT:**
MARK EIGLARSH
ATTORNEY AT LAW
404 WASHINGTON AVENUE, #750
MIAMI BEACH, FLORIDA 33139




* * * * *

```
 1                        * * * * *
 2              THE COURT:  The next case called for re-arraignment
 3   is Cause Number CR5-06-067, United States of America vs. Joshua
 4   Zuniga.
 5              MR. SUCSY:  The United States is ready.
 6              MR. EIGLARSH:  Good afternoon, Your Honor.  Mark
 7   Eiglarsh on behalf of Mr. Zuniga, who is present.
 8              THE COURT:  All right.  We are re-arraigning on
 9   Count 8; is that correct?
10              MR. SUCSY:  Yes, Your Honor.
11              THE COURT:  I'd ask the government's attorney to read
12   for the record Count 8 of the indictment.
13         (THE INDICTMENT IS READ IN OPEN COURT BY MR. SUCSY)
14              THE COURT:  All right, Mr. Zuniga.  Do you
15   understand, sir, that in Count 8 of this indictment, you have
16   been charged with possession of child pornography?
17              THE DEFENDANT:  Yes, Your Honor.
18              THE COURT:  All right, sir.  How do you plead to this
19   count?  Guilty or not guilty?
20              THE DEFENDANT:  Guilty.
21              THE COURT:  If you'll raise your right hand, I need
22   to have you placed under oath.
23         (THE DEFENDANT IS SWORN)
24              THE COURT:  Now that you have been placed under oath,
25   sir, do you understand that you need to answer all of my
```

```
 1   questions truthfully?
 2           THE DEFENDANT:  Yes, Your Honor.
 3           THE COURT:  I've been handed a document captioned
 4   Plea Agreement.  It's showing to be signed by Mr. Zuniga, as
 5   well as by his attorney, Mark Eiglarsh.
 6           It's also signed by Steve Sucsy, Assistant United
 7   States Attorney.
 8           Mr. Zuniga, have you read over and have you signed
 9   this plea agreement?
10           THE DEFENDANT:  Yes, Your Honor.
11           THE COURT:  Do you understand the terms and
12   conditions of the agreement?
13           THE DEFENDANT:  Yes, Your Honor.
14           THE COURT:  Do you agree with those terms and
15   conditions?
16           THE DEFENDANT:  I do.
17           THE COURT:  Do you understand that under paragraph 11
18   of the agreement, you are, in effect, giving up your right to
19   appeal or otherwise challenge your conviction or sentence
20   imposed in this case, except for the very limited reasons as
21   set forth in that paragraph.  Do you understand this?
22           THE DEFENDANT:  Yes, Your Honor.
23           THE COURT:  Now, Mr. Zuniga, are you pleading guilty
24   to Count 8 because you are guilty?
25           THE DEFENDANT:  Yes.
```

```
 1            THE COURT:  Is your guilty plea the result of any
 2   force or threats on the part of the government?
 3            THE DEFENDANT:  No.
 4            THE COURT:  Have you, in the past, been treated for
 5   any type of mental illness or drug addiction?
 6            THE DEFENDANT:  No.
 7            THE COURT:  Are you taking anything in the way of
 8   medication this afternoon?
 9            THE DEFENDANT:  No.
10            THE COURT:  Do you understand, sir, if I accept this
11   guilty plea, it could have an adverse impact upon certain of
12   your civil rights, such as the right to vote, the right to hold
13   public office, the right to serve on juries, things of that
14   nature?
15            THE DEFENDANT:  Yes.
16            THE COURT:  Do you understand, sir, that under the
17   statute, the maximum penalty the Court could impose is as
18   follows:
19            First, a term of imprisonment for a period of not
20   more than 10 years;
21            Next, a fine not to exceed $250,000;
22            Next, a term of supervised release of up to life,
23   with the understanding that if there is a violation of any of
24   the conditions of supervision, the defendant could be
25   imprisoned and be subject to additional terms of supervised
```

```
 1  release;
 2          Next, a mandatory special assessment of $100 would be
 3  imposed;
 4          And finally, the costs of incarceration and
 5  supervision would be imposed.
 6          Do you understand, sir, that's the maximum penalty
 7  that could be imposed under the statute?
 8          THE DEFENDANT:  Yes.
 9          THE COURT:  Do you also understand, sir, this is a
10  Sentencing Guidelines case, which means I will be looking to
11  those guidelines as a factor to consider when arriving at the
12  sentence.  But do you also understand, sir, the guidelines are
13  advisory only.  If the facts so warrant, the Court could impose
14  up to the statutory maximum sentence in the case.  Do you
15  understand this?
16          THE DEFENDANT:  Yes.
17          THE COURT:  Now, Mr. Zuniga, do you understand, sir,
18  you could plead not guilty to this indictment, thereby
19  requiring the government to take this case to a trial before a
20  jury of 12 persons.  That jury would have to be in complete
21  agreement before they could return a guilty verdict against
22  you.  The burden of proof is upon the government to prove its
23  case beyond a reasonable doubt, which is a heavy burden.  You
24  would have the right to the assistance of your lawyer at all
25  stages of proceedings; your lawyer would have the right to
```

```
 1   cross-examine the government witnesses; you could bring in
 2   witnesses on your behalf; you could not be required to testify
 3   at time of trial.  Do you understand these rights?
 4           THE DEFENDANT:  Yes.
 5           THE COURT:  Do you understand, sir, that by pleading
 6   guilty to Count 8, you are giving up your right to a jury
 7   trial?
 8           THE DEFENDANT:  Yes.
 9           THE COURT:  I've been handed a document captioned
10   Factual Resume.  It's showing to be signed by Mr. Zuniga, as
11   well as by his attorney.
12           Mr. Zuniga, have you read over this factual resume
13   and does it accurately recite the facts made the basis for your
14   plea of guilty this afternoon?
15           THE DEFENDANT:  Yes.
16           THE COURT:  After reviewing your rights, the nature
17   of the charges presented, and the potential penalties, do you
18   still wish to plead guilty to Count 8 of this indictment?
19           THE DEFENDANT:  Yes.
20           THE COURT:  It's the finding of the Court in the case
21   United States of America vs. Joshua Heath Zuniga that the
22   defendant is fully competent and capable of entering an
23   informed plea and that his plea of guilty is a knowing and
24   voluntary plea supported by an independent basis in fact
25   containing each of the essential elements of the offense
```

```
 1   charged in Count 8.
 2            The defendant's plea is therefore accepted, and the
 3   defendant is now adjudged guilty of the offense charged in
 4   Count 8 of the indictment.
 5            I'm going to order a presentence investigation.
 6   Mr. Zuniga, do you understand, sir, that you have the right to
 7   have your lawyer present at the time that you're interviewed by
 8   the probation officer?
 9            THE DEFENDANT:  Yes.
10            THE COURT:  I've also been advised that you--some of
11   your conditions for pretrial release is that you begin
12   attending a mental health counseling session.  You need to
13   begin attending those sessions next week.
14            THE DEFENDANT:  Yes, sir.
15            THE COURT:  Make whatever arrangements, Counsel, that
16   you can to get him into those sessions, because if they don't
17   get started, then I may have to do something about his bond.
18            MR. EIGLARSH:  I understand.
19            THE COURT:  All right.  You may stand aside.
20            MR. EIGLARSH:  Have a good afternoon.  Nice to see
21   you, Judge.
22       (END OF HEARING)
23                         * * * * *
24
25
```

1      I certify that the foregoing is a correct transcript from
2  the record of proceedings in the above-entitled matter.  I
3  further certify that the transcript fees and format comply with
4  those prescribed by the Court and the Judicial Conference of
5  the United States.
6
7   s/ *Mechelle Daniel*                **DATE**  MAY 19, 2011
8  Mechelle Daniel
   Official Court Reporter
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25