```
 1                    UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF TEXAS
 2                          LUBBOCK DIVISION

 3
    UNITED STATES OF AMERICA,      )   NO. 5:06-CR-067-C
 4          PLAINTIFF,             )
                                   )
 5   VS.                           )   LUBBOCK, TEXAS
                                   )
 6   JOSHUA HEATH ZUNIGA,          )
            DEFENDANT.             )   MAY 10, 2007
 7

 8

 9

10   -----------------------------------------------------------

11                        SENTENCING HEARING

12             BEFORE THE HONORABLE SAM R. CUMMINGS,

13                   UNITED STATES DISTRICT JUDGE

14   -----------------------------------------------------------

15

16

17

18

19

20

21

22
    OFFICIAL COURT REPORTER:  MECHELLE DANIEL, 1205 TEXAS AVENUE,
23   LUBBOCK, TEXAS 79401, (806) 744-7667.

24
    PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY; TRANSCRIPT
25   PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.
```

```
 1                        A P P E A R A N C E S

 2    FOR THE GOVERNMENT:
      UNITED STATES ATTORNEY'S OFFICE
 3    1205 TEXAS AVENUE, SUITE 700
      LUBBOCK, TEXAS 79401
 4    BY:   STEVEN M. SUCSY

 5
      FOR THE DEFENDANT:
 6    MARK EIGLARSH
      ATTORNEY AT LAW
 7    404 WASHINGTON AVENUE, #750
      MIAMI BEACH, FLORIDA 33139
 8

 9

10

11

12
                                        *  *  *  *  *
13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                        * * * * *
 2             THE COURT:  The Court calls for sentencing
 3   Cause Number CR5-06-067, United States of America vs. Joshua
 4   Heath Zuniga.
 5             MR. SUCSY:  The United States is ready.
 6             MR. EIGLARSH:  Good afternoon, Your Honor.  Mark
 7   Eiglarsh on behalf of Mr. Zuniga.
 8             THE COURT:  All right.  The file reflects that a
 9   presentence report has been prepared in this case.
10             Mr. Zuniga, have you gone over that report with your
11   lawyer?
12             THE DEFENDANT:  Yes, sir.
13             THE COURT:  The file also reflects that the
14   government has filed a statement adopting the matters set forth
15   in the presentence report.  The defendant has filed objections
16   to that report.
17             Counsel, if you wish, you may address those
18   objections.
19             MR. EIGLARSH:  I'm sorry, Judge.  I was--
20             THE COURT:  You may address those objections to the
21   presentence report at this point.
22             MR. EIGLARSH:  We have addressed those fairly and
23   accurately in our responses, Your Honor.
24             THE COURT:  All right.  Does the government wish to
25   make a response on the record to any objections?
```

Case 5:06-cr-00067-C-BG   Document 48   Filed 05/19/11   Page 4 of 18   PageID 276

4

```
 1            MR. SUCSY:  Your Honor, I believe the probation
 2   office, in its response, has addressed the objections.
 3            THE COURT:  All right.  The Court, having considered
 4   the objections, is of the opinion that the objections to
 5   paragraphs 13, 50, 92, 97, 122, and 123 should be overruled for
 6   the reasons as set forth in the addendum.
 7            I will sustain the objections to paragraphs 103 and
 8   104.
 9            The Court, having made those rulings, will now adopt
10   as the Court's findings those matters set forth in the
11   presentence report, as amended by the Court's rulings this
12   afternoon, not only as it relates to the background data and
13   information, but also the analysis made under the sentencing
14   guidelines.
15            Does the government have any evidence or argument?
16            MR. SUCSY:  Your Honor, two things.  One is that the
17   government would move, at the appropriate time, for dismissal
18   of Counts 1 through 7 pursuant to the plea agreement.
19            And the government, at the appropriate time, would
20   ask the Court's indulgence in hearing a victim witness impact
21   statement.
22            THE COURT:  All right.  I will entertain that in just
23   a moment.
24            I will grant the motion to dismiss Counts 1 through 7
25   of the indictment.  We will proceed with reference to Count 8
```

1    of the indictment.
2             Does the defense have any evidence or argument?
3             MR. EIGLARSH:  I would like to give a statement.  My
4    client briefly would like to be heard as well.
5             THE COURT:  All right, sir.
6             MR. EIGLARSH:  Your Honor, what my client did was
7    wrong.  It was wrong both morally and legally, and in my plea
8    for leniency for Josh, in no way will I attempt to justify or
9    minimize what he did.  It was his decision to plead guilty to
10   the charge.  It was also his decision to accept full
11   responsibility for what he did.
12            In his statement to Your Honor, and to me, as well,
13   privately, Josh expresses his heart-felt sorrow for what has
14   taken place.  He further stated to Your Honor in his statement
15   of acceptance of responsibility that this was an isolated
16   incident that should not have happened.  At the time, he
17   explains, he was on an emotional roller coaster.  Due to the
18   situations in his life at the time, he reveals to Your Honor,
19   and to me privately, that he strayed from his own character, a
20   Christian with strong moral values and a sense of community and
21   family.
22            Your Honor, in getting to know Josh and his family
23   over the past two years, I too believe that the acts for which
24   he has accepted responsibility are truly isolated and a poor
25   reflection of his otherwise exemplary life and character.  It's

1  my very strong opinion before Your Honor that his achievements
2  and contributions to both his community and family should be
3  given great weight by this Court.
4         To summarize what we have detailed in our motion,
5  throughout his life, he has been an outstanding athlete and
6  public speaker.  He's a three-time world champion and 162-time
7  event champion in various styles of dance.  He's received
8  accolades from mayors, governors, and several presidents.  He
9  was selected amongst 1,000 applicants to participate in a 2002
10 Olympic torch relay when it came through Texas.  He proudly
11 served as torch bearer, and that was decided based, in part,
12 upon his contributions to the community in terms of community
13 service.
14         Josh has always excelled academically.  He graduated
15 top 5 percent of his high school class and graduated from the
16 University of Houston with honors.  Aside from the instant
17 offense, Your Honor, he has led an exemplary life.  Until his
18 arrest in this case, he had never had any contact with the
19 criminal justice system.  He has always strived to positively
20 impact those around him.
21         Now, unlike many defendants that Your Honor sees,
22 Josh was very honest and straightforward when the agents came
23 to his house to exercise the search warrant.  He could have
24 invoked his Fifth Amendment rights, said nothing, made this
25 case very difficult to prove.  On the contrary, without any

1   advice of counsel, they came to his house; he sat down with
2   them; he was open and honest; he admitted everything in great
3   detail.  He didn't invoke his Fifth Amendment right.  He
4   accepted responsibility for what he did.
5              It's been approximately 20 months since his arrest.
6   He has remained at liberty without doing anything improper.  He
7   works long hours in a new business in which he's a partner.  I
8   am confident, Your Honor, that he will never reoffend in any
9   way.
10             Now, legally, this Court is aware that the sentencing
11  guidelines, which are very high in this case, are just one of
12  the factors that the Court should consider.  I discussed a
13  number of the factors in our motion and here today that the
14  Court should consider pursuant to Section 3553(a).
15             One final factor that merits discussion is the needs
16  of the public.  We strongly--  I personally, and on behalf of
17  the family, do not believe that the public would benefit from
18  a lengthy prison sentence in this case.  Josh's actions in
19  this case represents aberrant behavior in that nothing in his
20  past remotely mirrors the actions for which he has pled
21  guilty.
22             Your Honor, I would ask you to consider the numerous
23  letters written on his behalf that are attached to the PSI.
24  The fact that he will forever be a convicted felon, to Josh--
25  not other defendants that appear before the Court, but to

1   Josh--is an extreme sanction, an extreme penalty that he will
2   forever have to deal with.  He will also have to forever live
3   life as a sexual offender.  He will also be shunned in almost
4   any community that he attempts to live.
5           On behalf of the family and personally, Your Honor, I
6   pray for leniency on both the sentence and the term of
7   supervised release.  If the Court deems that a prison sentence
8   is appropriate, I would ask that you permit Josh to
9   self-surrender, preferably to the Seagoville facility, because
10  that is closest to where his family lives.  He's very, very
11  close with his family.  He has appeared at every court
12  appearance.  He has been an exemplary client.  He has been
13  perfect after his arrest, and I would ask--pray for the Court
14  to consider leniency.
15          I thank you for your consideration.
16          THE COURT:  All right, sir.
17          Mr. Zuniga, you have the right to address the Court.
18  You are not required to say anything, should that be your
19  choice, but the law does afford you that right and opportunity.
20  Is there anything which you wish to state to the Court?
21          THE DEFENDANT:  Just that I'm sorry, Your Honor,
22  sorry for everything.
23          THE COURT:  All right, sir.  The Court will entertain
24  any victim statement at this point.
25          MR. SUCSY:  The government would call the victim at

1   this time and ask the Court's permission to lower the
2   microphone--
3              THE COURT:  All right, sir.
4              MR. SUCSY:  --so she can be heard better.
5              THE COURT:  All right, ma'am.  If you would just go
6   ahead and read your statement.  You do not have to give your
7   name on the record.
8              VICTIM:  Okay.  Thank you, Your Honor, for allowing
9   me to speak today and give my victim impact statement.  I would
10  like to talk to you about how I have been doing this last year
11  and have since all of this began.
12             I've had to face the humiliation of being the subject
13  of these pictures because he manipulated me to take sexual
14  pictures of myself by intimidating me and making me afraid.  He
15  was my uncle, and I trusted him, looked up to him, and even
16  admired him, because I thought that he would be a strong role
17  model for me.
18             This has caused me to have a low self-esteem, and I
19  have developed an eating disorder.  I was recently admitted to
20  Canyon Lakes Treatment Center because of multiple suicide
21  attempts, and while I was there, I was diagnosed with major
22  depressive disorder.  I am now on medication for my depression
23  and see a therapist on a regular basis.
24             I needed to come here today to talk about how this
25  has affected me and my whole family.  Nothing will ever be the

1  same.  While it might be easy for him to go on with his life
2  like nothing ever happened, I want him to know the pain and
3  suffering he has caused me.  He robbed me of my innocence and
4  impaired my judgment in people.  I would feel guilty if he was
5  allowed to take advantage of some other young girl.  What truly
6  scares me is the thought that the inappropriate relationship
7  would have continued if my stepfather hadn't found those
8  pictures in December before my fourteenth birthday.
9            I feel that he took complete advantage of my trust in
10 him, and he took away something that I will never be able to
11 get back.  Someday I hope that he realizes the severity of his
12 irresponsibility as my uncle and as my confidant.  In time and
13 with God's help, I hope I will be able to forgive him so I can
14 go on with my life.  This has had a major impact on my life,
15 and it is an experience I can never forget and will have to
16 live with for the rest of my life.
17            Again, thank you, Your Honor.
18            THE COURT:  Anything further, Mr. Sucsy, from
19 victims?
20            MR. SUCSY:  No, Your Honor, we don't have any more.
21            THE COURT:  All right.  Mr. Zuniga, if you and your
22 attorney would please stand.
23            Prior to imposing the sentence, the Court has a few
24 comments to make.
25            First of all, the defendant's motion for a downward

1   departure or a nonguideline sentence is denied.

2          Next, the Court finds that, in this case, the plea
3   agreement is very, very favorable to the defendant.  The
4   defendant pleaded guilty to Count 8 of this indictment.  This
5   was an 8-count indictment.

6          In Count 1, the allegations were that the defendant
7   enticed a child--here, a 13-year-old female--to engage in
8   sexual activity for which the defendant could be charged with
9   criminal offenses.

10         Counts 2, 3, and 4 allege the production of child
11  pornography by the defendant.

12         Counts 5, 6, and 7 allege the transportation of child
13  pornography by the defendant.

14         And finally, Count 8, the count to which the
15  defendant has pleaded guilty, alleges possession of child
16  pornography, and this is the lightest count in the indictment.

17         By virtue of this plea, the defense reduced a
18  potential liability of a statutory maximum term of imprisonment
19  of a combined total of 190 years down to 10 years.  The State
20  of Texas is apparently not going to prosecute the defendant for
21  any type of aggravated sexual assault case.  Therefore, this
22  matter is left up to the federal courts to see that justice is
23  served, at least to a limited degree.

24         I have considered the numerous letters from family
25  and friends of the defense.  The problem is, the defendant made

 1   some very bad choices beginning in June of 2005.  These bad
 2   choices are going to result in some bad consequences.  The
 3   defendant's abhorrent actions and the law of consequences trump
 4   everything else the defendant has done with his life.
 5           Mr. Zuniga, you pleaded guilty to Count 8 of the
 6   indictment charging you with possession of child pornography
 7   and aiding and abetting.
 8           You having pleaded guilty to that charge, I found you
 9   guilty, and I am now adjudging you guilty of that offense.
10           Having adjudged you guilty, I am now going to impose
11   the following sentence:
12           First, I'm ordering that you pay a special assessment
13   of $100.
14           Next, I'm ordering that you be committed to the
15   custody of the United States Bureau of Prisons to be imprisoned
16   for a term of 120 months.
17           I am remanding you to the custody of the United
18   States Marshal this afternoon.  I am recommending that you be
19   placed at U.S.P. Beaumont.
20           Upon your release from incarceration, I'm ordering
21   that you serve a term of life supervised release.  You will get
22   a copy of the judgment so you will know what the terms of
23   supervision are.  There are some standard conditions, as well
24   as special conditions.
25           Some of those special conditions include the

```
 1   following:
 2            First, you shall pay restitution in the amount of
 3   $500, along with any additional counseling or other fees
 4   derived as a result of the ongoing treatment of the victim of
 5   this offense, said restitution payable to the United States
 6   District Clerk in Lubbock, Texas, for disbursement to those
 7   persons named on page 4 of this judgment.
 8            Next, you shall refrain from incurring any new
 9   credit charges or opening any additional lines of credit
10   without first getting the approval of the United States
11   Probation Office.
12            Next, you shall provide to the United States
13   Probation Officer any requested financial information.
14            Next, you shall provide to the United States
15   Probation Officer complete access to all of your business
16   and personal financial information.
17            Next, you shall participate in sex offender
18   treatment services as directed by the United States
19   Probation Office.
20            Next, you shall not have access to any school
21   grounds, parks, arcades, playgrounds, or other areas where
22   children under the age of eighteen may frequently congregate
23   unless approved in advance by the United States Probation
24   Office.
25            Next, you shall neither possess or have under your
```

```
 1   control any type of pornographic or sexually oriented
 2   material.
 3            Next, you shall have no contact with the victim,
 4   including correspondence, telephone contact, or any other way
 5   of communicating with the victim, except under circumstances
 6   approved in advance by the United States Probation Office.
 7            Next, you shall register with the state and local law
 8   enforcement as directed by the United States Probation Office
 9   in any state where you reside, are employed, carry on a
10   vocation, or are a student.
11            Next, you shall neither seek nor maintain employment
12   or volunteer work at any location where minors under the age of
13   eighteen would congregate without first getting prior
14   permission of the United States Probation Office.
15            Next, you shall not date or befriend anyone who has
16   children under the age of eighteen unless approved in advance
17   by the United States Probation Office.
18            Next, you shall obtain approval of the United States
19   Probation Officer prior to a change in residence or living
20   situation.
21            Next, you shall submit a blood sample as directed by
22   the United States Probation Office to be included in the state
23   sex offender DNA data bank.
24            Next, you shall not possess or utilize a computer or
25   Internet connection device during the entire term of supervised
```

```
 1   release.
 2            Next, you shall submit to a search of your person,
 3   property, house, vehicle, or papers at any time, with or
 4   without a warrant, by any law enforcement officer or U.S.
 5   probation officer.
 6            Next, the defendant shall cooperate in the
 7   collection of any DNA as directed by the United States
 8   Probation Office.
 9            I will now state on the record the specific reasons
10   for imposing the sentence I have just imposed.
11            As to the term of incarceration, I have imposed a
12   term of 120 months.  I believe this sentence does adequately
13   address the sentencing objectives of punishment and deterrence,
14   as well as those other factors as set forth in Title 18,
15   United States Code, Section 3553(a).
16            No fine is assessed for the reason I do not believe
17   the defendant has sufficient assets with which to pay a fine.
18            The restitution is ordered for certainly there was a
19   victim to the offense.
20            The supervised release is imposed for the reason I
21   believe the defendant will need this amount of supervision to
22   see that he reassimilates himself back in society, that he
23   obtains suitable employment, that he maintains a law-abiding
24   lifestyle.
25            The life term of supervised release has been ordered
```

1   as provided by statute and encouraged under the policy
2   statement found at Sentencing Guidelines Section 5G1.2(b).  It
3   is believed that a life term of supervised release will benefit
4   society and reflects this Court's experience that persons
5   rarely get better in these types of cases, especially
6   considering the defendant is a contact sexual offender.  In
7   other words, he's a pedophile and sexual predator.
8              The Court must ensure that the defendant cannot
9   continue to create a lifeline of this type of behavior and/or
10  industry.  It's the experience of this Court that individuals
11  committing crimes of this nature rarely, if ever, improve their
12  negative behaviors.  Sex offenders have the lowest rate of
13  recovery and the highest rate of recidivism of any criminal
14  defendant.
15             For this reason, I believe that a lifetime of
16  supervised release is warranted.
17             The special assessment is imposed because the law
18  mandates that it be.
19             Now, Mr. Zuniga, you have the right to appeal as
20  authorized by law or as stated in your plea agreement.  Should
21  you choose to appeal, you must file your notice of appeal
22  within 10 days from today.  If you file that notice of appeal,
23  you may also file a motion with the Court seeking permission to
24  appeal at no cost to yourself, but rather at the cost of the
25  government.  Should you file that motion, I will take it under

```
 1   advisement and rule on it just as soon as I can.
 2             Court will stand adjourned.
 3         (END OF HEARING)
 4                              * * * * *
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1       I certify that the foregoing is a correct transcript from
 2   the record of proceedings in the above-entitled matter.  I
 3   further certify that the transcript fees and format comply with
 4   those prescribed by the Court and the Judicial Conference of
 5   the United States.
 6
 7    s/ Mechelle Daniel            DATE  JUNE 1, 2007
 8   Mechelle Daniel
     Official Court Reporter
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```